IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GARY DOPORTO,

    Petitioner,

v.                                                                                                  No. 25-cv-0766-KWR-KBM

ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO, *et al*,

    Respondents.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Gary Doporto's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 1) (Petition). Petitioner challenges a 2021 state revocation order as well as the calculation of his state sentence. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Petitioner to show cause why the Petition should not be summarily dismissed for failure to exhaust state remedies.

### BACKGROUND

The following background facts are taken from the Petition and the state criminal docket cited in the Petition, Case No. D-503-CR-2014-284. The state criminal docket is subject to judicial notice. *See Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

In 2015, Petitioner pled guilty to trafficking a controlled substance (narcotics or methamphetamine). *See* Doc. 1 at 17. The State Trial Court sentenced him nine years imprisonment, with six and a half years suspended. *Id*. (attaching judgment in Case No. D-503-CR-2014-284). The sentence includes a habitual offender enhancement and a five-year term of

probation. *Id.* After Petitioner's initial term of incarceration, he was arrested several times for probation violations. *Id.* at 19, 25 (attaching revocation orders in Case No. D-503-CR-2014-284). The State Trial Court revoked his probation in 2018 and again in 2021. *Id.* Petitioner did not appeal the criminal judgment or any revocation order in Case No. D-503-CR-2014-284. *Id.* at 2; *see also* Docket Sheet in D-503-CR-2014-284. He is still serving a state sentence pursuant to the most recent Order Revoking Probation, which was entered on December 20, 2021. *See* Doc. 1 at 25.

Petitioner filed the instant Petition on August 11, 2025. *See* Doc. 1. He argues the 2021 revocation order imposed an excessive sentence, in light of the original judgment. *Id.* at 5. This argument is properly raised under § 2254, which governs challenges to state convictions/sentences. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). Petitioner also argues prison officials miscalculated his sentence and failed to award earned credits. *See* Doc. 1 at 15-16. This argument is properly construed under 28 U.S.C. § 2241. *Yellowbear v. Wyoming Att'y Gen.,* 525 F.3d 921, 924 (10th Cir. 2008) ("Section § 2241 is a vehicle ... for attacking the execution of a sentence."). Because none of the claims are exhausted, as set forth below, the Court will address that threshold issue before determining whether Petitioner can seek different types of habeas relief in one proceeding.

Petitioner filed a Motion to Proceed *In Forma Pauperis* (Doc. 2) after submitting the Petition, which reflects he cannot afford to prepay the $5.00 habeas filing fee. The Court will therefore grant the Motion and screen the Petition under Habeas Corpus Rule 4.

**DISCUSSION**

Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions. Courts review each

claim to determine whether the petitioner's detention violates federal law. *See* 28 U.S.C. § 2241(c)(3). "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the petition is not dismissed, the judge must order … an answer." *Id.*

"[A] habeas petitioner is generally required to exhaust state remedies" before obtaining relief. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). This requirement applies regardless of "whether [the petitioner's] action is brought under § 2241 or § 2254." *Id.* "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). In New Mexico, this means the petitioner must present all claims to the New Mexico Supreme Court (NMSC) through a direct appeal or a state habeas petition. "The exhaustion requirement can only be excused in the "absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant." *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007). "*Sua sponte* consideration of exhaustion of state remedies ... is explicitly permitted" where the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008).

The Petition here clearly reflects that Petitioner did not present his federal claims to the NMSC. The Petition states Petitioner did not appeal the criminal Judgment, seek review by the highest state court, or file any state habeas petitions. *See* Doc. 1 at 2-5. Under each ground for relief, he also checked "no" in response to the questions regarding exhaustion. *Id.* at 5-6. The Secured Odyssey Public Access (SOPA) system, which tracks all New Mexico trial court and

appellate filings, confirms the failure to exhaust. *See* https://securecourtcaseaccess.nmcourts.gov/. The SOPA system reflects that Petitioner has not filed any appeal with the NMSC.

For these reasons, the Court will require Petitioner to show cause in writing why his Petition should not be summarily dismissed for failing to exhaust state remedies. If Petitioner seeks to stay the proceeding, he must show "good cause for his failure to exhaust, [that] his unexhausted claims are potentially meritorious, and" the absence of "intentionally dilatory litigation tactics." *Doe v. Jones*, 762 F.3d 1174, 1181 (10th Cir. 2014) (the factors set forth in *Rhines v. Weber*, 544 U.S. 269 (2005) – which applies to mixed petitions – are also relevant where there is a total failure to exhaust). The show-cause response is due within thirty (30) days of entry of this ruling. If Petitioner concedes the failure to exhaust, he does not need to respond to this ruling, and he can instead pursue relief by filing a state habeas petition. The failure to respond and overcome the exhaustion requirement will result in dismissal of this case without prejudice to refiling after the state process is complete.

**IT IS ORDERED** that Petitioner's Motion to Proceed *In Forma Pauperis* (**Doc. 2**) is **GRANTED**; and within thirty (30) days of entry of this ruling, Petitioner must file a response showing cause, if any, why his Petition should not be dismissed for failure to exhaust state remedies.

**SO ORDERED**.

_____/S/_____
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE