## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

––––––––––––––––––––––

GARY DOPORTO,

     Petitioner,

v.                                             No. 25-cv-0766-KWR-KBM

ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO, *et al*,

     Respondents.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Gary Doporto's *pro se* Petition for Writ of Habeas Corpus (Doc. 1) (Petition). The Petition challenges his 2021 state revocation order as well as the calculation of his state sentence. The Court previously directed him to show cause why the Petition should not be summarily dismissed for failure to exhaust state remedies. Petitioner did not respond. Having reviewed the record and applicable law, the Court will dismiss the Petition without prejudice to refiling after the exhaustion process is complete.

### BACKGROUND

The following background facts are taken from the Petition and the state criminal docket cited in the Petition, Case No. D-503-CR-2014-284. The state criminal docket is subject to judicial notice. *See Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet").

In 2014, Petitioner pled guilty to trafficking a controlled substance (narcotics or methamphetamine). *See* Doc. 1 at 17. The State Trial Court sentenced him nine years imprisonment, with six and a half years suspended. *Id.* (attaching Judgment in Case No. D-503-

CR-2014-284). The sentence includes a habitual offender enhancement and a five-year term of probation. *Id.* After Petitioner's initial term of incarceration, he was arrested several times for probation violations. *Id.* at 19, 25 (attaching revocation orders in Case No. D-503-CR-2014-284). The State Trial Court revoked his probation in 2018 and again in 2021. *Id.* Petitioner did not appeal the criminal judgment or any revocation order in Case No. D-503-CR-2014-284. *Id.* at 2; *see also* Docket Sheet in D-503-CR-2014-284. He is currently serving a state sentence pursuant to the most recent Order Revoking Probation, which was entered on December 20, 2021. *See* Doc. 1 at 25.

Petitioner filed the instant habeas proceeding on August 11, 2025. *See* Doc. 1. The Petition raises a combination of arguments under 28 U.S.C. § 2254 (governing state convictions/sentences) and 28 U.S.C. § 2241 (governing the execution of state sentences). Petitioner argues the 2021 revocation order imposed an excessive sentence in light of the original judgment. *Id.* at 5. This argument is properly raised under § 2254. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). Petitioner also argues prison officials miscalculated his sentence and failed to award earned credits. *See* Doc. 1 at 15-16. This argument is properly construed under 28 U.S.C. § 2241. *See Yellowbear v. Wyoming Att'y Gen.,* 525 F.3d 921, 924 (10th Cir. 2008) ("Section § 2241 is a vehicle ... for attacking the execution of a sentence.").[1]

By a ruling entered December 11, 2025, this Court screened the Petition and determined Petitioner failed to complete the state exhaustion process before filing his federal claims. The Court permitted Petitioner to file a response within thirty days showing cause, if any, why this proceeding

---

[1] Because the Petition is subject to summary dismissal, as set forth below, the Court need not determine whether Petitioner can seek different types of habeas relief in one proceeding.

2

should not be summarily dismissed without prejudice. *See* Doc. 3 (Screening Ruling). The deadline to file a show-cause response expired on January 11, 2026. Petitioner did not respond to the Screening Ruling. The Court will therefore dismiss the Petition as unexhausted, for the reasons set forth below.

## DISCUSSION

Habeas Corpus Rule 4 requires a *sua sponte* review of habeas petitions. Courts review each claim to determine whether the petitioner's detention violates federal law. *See* 28 U.S.C. § 2241(c)(3). "If it plainly appears from the petition and any attached exhibits that the moving party is not entitled to relief in the district court, the judge must dismiss the petition." Habeas Corpus Rule 4(b). "If the petition is not dismissed, the judge must order … an answer." *Id.*

"[A] habeas petitioner is generally required to exhaust state remedies" before obtaining relief. *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). This requirement applies regardless of "whether [the petitioner's] action is brought under § 2241 or § 2254." *Id.* "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). In New Mexico, this means the petitioner must present all claims to the New Mexico Supreme Court (NMSC) through a direct appeal or a state habeas petition. "The exhaustion requirement can only be excused in the "absence of available State corrective process or because circumstances exist that render such process ineffective to protect the rights of the applicant." *Magar v. Parker*, 490 F.3d 816, 818 (10th Cir. 2007). "*Sua sponte* consideration of exhaustion of state remedies ... is explicitly permitted" where the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th

Cir. 2008).

The Petition here clearly reflects that Petitioner did not present his federal claims to the NMSC. The Petition states Petitioner did not appeal the criminal Judgment, seek review by the highest state court, or file any state habeas petitions. *See* Doc. 1 at 2-5. Under each ground for relief, he also checked "no" in response to the questions regarding exhaustion. *Id.* at 5-6. The Secured Odyssey Public Access (SOPA) system, which tracks all New Mexico trial court and appellate filings, confirms the failure to exhaust. *See* https://securecourtcaseaccess.nmcourts.gov/. The SOPA system reflects that Petitioner has not filed any appeal with the NMSC.

The Screening Ruling set forth these principles, including the standard for exhaustion; futility; and obtaining a stay. Petitioner was warned that the failure to timely respond to the Screening Ruling and overcome the exhaustion requirement may result in dismissal without further notice. He did not file a show-cause response or otherwise seek a stay of this proceeding. *See* Screening Ruling at 4 (setting forth the legal standard for obtaining a stay). Accordingly, the Petition will be dismissed without prejudice pursuant to Habeas Corpus Rule 4 for failure to exhaust state remedies. The Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as reasonable jurists would not debate Petitioner's failure to exhaust. *See* 28 U.S.C. § 2253(c)(2) (COA may only issue where reasonable jurists would debate the outcome of the habeas case); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (same).

**IT IS ORDERED** that Gary Doporto's Petition for Writ Of Habeas Corpus (**Doc. 1**) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**; and a judgment will be entered closing the civil habeas case.

**SO ORDERED**.

_____/S/_____

KEA RIGGS
UNITED STATES DISTRICT JUDGE